UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:25-CV-60980

MILEYDIS SANCHEZ,

    Plaintiff,

vs.

DEVELOPMENTAL THERAPIES AND
BEYOND LLC AND JUSED MELIAN,

    Defendants.
_____/

## **COMPLAINT**

Plaintiff, Mileydis Sanchez, sues Defendants, Developmental Therapies and Beyond LLC and Jused Melian, as follows:

*Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Mileydis Sanchez**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.    **Defendant, Developmental Therapies and Beyond LLC,** is a *sui juris* Florida for-profit company that was authorized to conduct and actually conducted its for-profit business in Broward County, Florida, at all times material, where it maintains its principal place of business.

3.    **Defendant, Jused Melian,** was and is an owner/officer/director/manager of the corporate Defendant during the time relevant to this lawsuit. Defendant, Jused Melian, ran its day-to-day operations, was responsible for significant operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

4.    This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over her related claims brought under Florida state law.

1

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Plaintiff worked and was due to be paid in Broward County, and because most if not all of the operational decisions were made in this District.

6. Any conditions precedent to filing this lawsuit occurred and/or were satisfied by Plaintiff.

7. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Mileydis Sanchez, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

#### *FLSA Jurisdictional Allegations*

8. Plaintiff consents to participate in this lawsuit.

9. Plaintiff was an employee of the Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

10. Plaintiff was a non-exempt employee of the Defendants.

11. Plaintiff worked as a "Recreational Behavioral Therapist" or "RBT" for the Defendants from approximately February 15 to April 9, 2025.

12. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

13. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by and subject to the requirements imposed by the FLSA.

14. In particular, Defendants provide Applied Behavior Analysis (ABA) therapy, speech and language therapy, occupational therapy, and physical therapy to persons in need of these services while using toner, printers, pens, paper, furniture, phone systems,

2

telephones, computers, computer networking equipment, computer software, and other goods, materials, and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

15. Defendants also communicated with their workers and with others by regularly and routinely using telephones to transmit information through email and the Internet, and these transmissions regularly and routinely traveled outside the State of Florida.

16. Defendants regularly and routinely submit information and billings electronically, which transmissions travel in interstate commerce, as part of their business, to the State of Florida, Medicaid, and/or insurers who pay Defendants for the services rendered.

17. Defendants also engage in interstate commerce in the course of regular and recurrent sending and/or receipt of money outside of the State of Florida.

18. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in conducting their business.

19. Defendants also engage in e-commerce through the internet on their website, https://developmentaltherapies.com/, which they registered through GoDaddy.com, LLC (a foreign corporation).

20. Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 per year and/or $125,000 for each fiscal quarter during the preceding three years.

*FLSA Minimum Wage Liability and Damages*

21. The FLSA requires each covered employer to pay each eligible non-exempt employee at least the direct minimum wage of $7.25 per hour.

22. Defendants did not pay Plaintiff at least the minimum wage of $7.25 per hour by not paying her at all for the two weeks of mandatory training she attended from February 15-28, 2025.

23. Defendants also failed to pay Plaintiff at least a minimum wage of $7.25 per hour for the nine (9) hours of work she performed on April 7, 2025.

24. Plaintiff suffered damages because Defendants did not pay her at least the federal minimum wage of $7.25 per hour for all hours worked during the time relevant to this lawsuit.

25. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least the applicable federal minimum wage rate for each hour worked during the relevant time violated the Fair Labor Standards Act, intentionally misled Plaintiff into believing they were not required to pay at least the applicable federal minimum wage, and/or devised a scheme that deprived Plaintiff of receiving at least the federal minimum wage for each hour worked.

26. Plaintiff is entitled to recover from the Defendants, jointly and severally, all minimum wages but not timely paid, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

WHEREFORE Plaintiff, Mileydis Sanchez, demands the entry of a judgment in her favor and against Defendants, Developmental Therapies and Beyond LLC and Jused Melian, jointly and severally after trial by jury and as follows:

    a. That Plaintiff be awarded compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff be awarded pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

  c. That Plaintiff be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;

  d. That Plaintiff be awarded all other interest allowed by law;

  e. That the Court declare Defendants to have willfully violated the FLSA; and

  f. Award Plaintiff such other and further relief as the Court deems just and proper.

## COUNT II - FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Mileydis Sanchez, reincorporates and re-alleges paragraphs 1 through 20 as though set forth fully herein and further alleges as follows:

### *FLSA Overtime Wage Liability and Damages*

27. Plaintiff agreed with Defendants that she would be paid $22.50 for each hour worked.

28. Plaintiff regularly and routinely worked over 40 hours in one or more workweeks for Defendants.

29. Defendants did not pay Plaintiff overtime wages calculated at one and a half times Plaintiff's regular hourly rate of $22.50 for all hours worked over 40 hours in a given workweek.

30. Plaintiff suffered damages because Defendants did not pay her all the overtime wages she earned during the time relevant to this lawsuit.

31. Defendants willfully and intentionally refused to pay Plaintiff wages at one and one-half times Plaintiff's regular hourly rate for each hour of overtime (or part thereof) worked during the relevant time period.

32. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff time and one-half overtime wages (based on Plaintiff's regular hourly rate) for the overtime hours worked during the relevant time violated the FLSA, intentionally misled Plaintiff into believing they were not required to pay overtime wages, and/or devised a scheme that deprived Plaintiff of the overtime pay earned.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

33. Plaintiff is entitled to recover from the Defendants, jointly and severally, all overtime wages but not timely paid, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

WHEREFORE Plaintiff, Mileydis Sanchez, demands the entry of a judgment in her favor and against Defendants, Developmental Therapies and Beyond LLC and Jused Melian, jointly and severally after trial by jury and as follows:

a. That Plaintiff be awarded compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);
b. That Plaintiff be awarded pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;
c. That Plaintiff be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;
d. That Plaintiff be awarded all other interest allowed by law;
e. That the Court declare Defendants to have willfully violated the FLSA; and
f. Award Plaintiff such other and further relief as the Court deems just and proper.

## COUNT III – BREACH OF CONTRACT
### (Against Developmental Therapies and Beyond LLC)

Plaintiff, Mileydis Sanchez, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

34. Through this claim, Plaintiff seeks recovery of the "gap time" wages that she worked and earned, but did not receive.[1] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

---

[1] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

6

35. Plaintiff and Defendant, Developmental Therapies and Beyond LLC, agreed that in exchange for Plaintiff expending time and effort on their behalf, they would compensate her at a rate of $22.50 for each hour she worked for them.

36. Plaintiff performed under the parties' contract/agreement by performing work for Defendants as aforesaid.

37. Defendant, Developmental Therapies and Beyond LLC, however, failed and refused to perform its obligation to timely pay Plaintiff at the agreed-upon rate of $22.50 for each hour of work from February 1 to 28, 2025, and again from March 16 to April 7, 2025.

38. Plaintiff has been damaged as a direct and proximate result of this Defendant's breach of the parties' agreement through its failure to pay for the work performed from February 1 to 28, 2025, and again from March 16 to April 7, 2025, in a timely manner.

WHEREFORE Plaintiff, Mileydis Sanchez, demands the entry of a judgment in her favor and against Defendant, Developmental Therapies and Beyond LLC, after trial by jury, for all breach of contract damages suffered, pre-judgment and post-judgment interest, costs and attorney's fees incurred in this matter pursuant to Fla. Stat. §448.08, and for such other and further relief as this Court deems just and proper.

## COUNT IV – UNJUST ENRICHMENT
### (Against Developmental Therapies and Beyond LLC)

Plaintiff, Mileydis Sanchez, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

39. Through this claim, Plaintiff seeks recovery of the "gap time" wages that she worked and earned, but did not receive.[2]

---

[2] *See* Paragraph 34, above.

40. Plaintiff provided labor and services for Defendant, Developmental Therapies and Beyond LLC, and it received and accepted the benefits of the labor and services supplied by Plaintiff.

41. Plaintiff expected to be paid a reasonable value for the labor and services provided to this Defendant.

42. Plaintiff provided services on behalf of Defendant, Developmental Therapies and Beyond LLC, for its business, as requested, and it received and accepted the benefits of the work, efforts, and labor that Plaintiff provided.

43. Defendant, Developmental Therapies and Beyond LLC, was unjustly enriched in that it failed and refused to make payment to Plaintiff for the benefits conferred upon it from February 1 to 28, 2025, and again from March 16 to April 7, 2025.

WHEREFORE Plaintiff, Mileydis Sanchez, demands the entry of a judgment in her favor and against Defendant, Developmental Therapies and Beyond LLC, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Mileydis Sanchez, demands a trial by jury of all issues so triable.

Respectfully submitted this 16th day of May 2025,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:    305.230.4884
> *Counsel for Plaintiff*