UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60980-CV-MIDDLEBROOKS

MILEYDIS SANCHEZ,

    Plaintiff,

v.

DEVELOPMENTAL THERAPIES
AND BEYOND LLC AND
JUSED MELIAN,

    Defendant.
_____/

## ORDER ON JOINT MOTION TO APPROVE FLSA SETTLEMENT AGREEMENT

**THIS CAUSE** is before the Court on the Parties' Joint Motion to Approval Settlement and Dismissal with Prejudice, filed July 3, 2025. (DE 12). Having reviewed the Motion and the exhibits attached thereto, including the proposed Settlement Agreement, the Motion is granted in part.

When a private action is brought under the FLSA and is subsequently settled, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (internal citations omitted). In scrutinizing the settlement for fairness, a court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. While the provisions of the Act are mandatory, the Eleventh Circuit has recognized that there may be bona fide disputes as to FLSA coverage and therefore a district court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Id.* at 1354. District courts have broad discretion in reviewing and approving FLSA settlement agreements. *See Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013).

1

In exercising that discretion, the settlement agreement is approved, with the following exceptions. Paragraphs 10 (Non-Disparagement) and 8 (Confidentiality) are facially improper and have little, if any, relevance to Plaintiff's claims. *See, e.g.*, *Colon v. Garda CL Se., Inc.*, 2015 WL 13812275 at *1 (M.D. Fla. July 21, 2015) (stating that "confidentiality, non-disparagement, [and] non-cooperation . . ." provisions are impermissible); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) ("A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights."). Also, Paragraph 6 (Mutual General Releases) is overbroad as written. I will approve it in part, insofar as its language is cabined only to claims arising out of Plaintiff's employment with Defendant, and not any other claim.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) The Parties' Joint Motion (DE 12) is **GRANTED IN PART**.

2) The Court **APPROVES IN PART** the Settlement Agreement (DE 12-1). The Court does not approve of Paragraph 10, Non-Disparagement, and Paragraph 8, Confidentiality. The Court does not approve of Paragraph 6, Mutual General Releases, to the extent it applies to claims outside of Plaintiff's employment relationship with Defendant.

3) The above-styled action is **DISMISSED WITH PREJUDICE**.

4) The Clerk of Court shall **CLOSE** this case and **DENY** any pending motions as moot.

**SIGNED** in Chambers at West Palm Beach, Florida, this 7th day of July, 2025.

Donald M. Middlebrooks
United States District Judge

CC: Counsel of Record